

**Moritt Hock Hamroff & Horowitz** LLP
ATTORNEYS AT LAW

**Michael Cardello III**
Partner
Direct Dial: (516) 880-7290
Email: mcardello@moritthock.com

October 30, 2009

**VIA ECF**
Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

      Re:    *Bascom v. AOL, LLC*
              Case No. 2:08-cv-1765 (E.D.N.Y.)

Dear Judge Lindsay:

      As you are aware, this firm, along with Finnegan, is counsel to AOL, LLC in the above-referenced matter. Bascom seeks over $66 million in damages against AOL in a patent infringement lawsuit that spans a 15 year period of time. Bascom's patent covers filtering internet content that AOL and other companies used for many years before Bascom's patent issued. The close of discovery occurred on October 2, 2009. However, Plaintiff Bascom has produced documents after the deadline and has failed to respond to numerous outstanding demands that existed prior to the deadline. Moreover, there are two non-party witnesses that Bascom represents that were subpoenaed on July 17, 2009 and ordered to be produced by Your Honor that Bascom refuses to produce.

      Despite repeated attempts to resolve these discovery issues, Defendant AOL, LLC has been unable to negotiate reasonable discovery from Bascom. Thus, AOL requests that this Court compel depositions, production of documents, and revisions to Bascom's privilege log. AOL files this letter-motion after attempting to resolve these issues with Bascom through correspondence and several meet and confers.

      **I. The Depositions of James Finnegan and GAGE**

      AOL requests that this Court compel Bascom's counsel to make available for deposition James Finnegan and Gage Business Consulting.[1] AOL issued subpoenas to both parties on July 17, 2009. (Exs. 2, 3.) Bascom represents both Finnegan and GAGE. In August, AOL sought relief from this Court to take the deposition of Bascom's corporate

---

[1] To the extent the Court determines that AOL must also have leave to take additional depositions, AOL is also requesting leave to take these additional depositions.



**Moritt Hock Hamroff & Horowitz** LLP
ATTORNEYS AT LAW

representatives and stated that the parties also had a dispute about third-party depositions. (Exs. 4, 9.) The Court issued an Order on September 3, 2009, providing that these corporate witnesses were to be made available for deposition prior to September 30th (Ex.1). Those third-party depositions did not take place, and AOL again seeks Court intervention.[2]

**James Finnegan** - James Finnegan has been a consultant to Bascom for several years. James Finnegan is a critical witness for several issues in this case. Bascom relied on and identified James Finnegan as the only person who investigated AOL's accused products prior to this lawsuit. Bascom also identified James Finnegan with respect to its good faith basis to bring this lawsuit against AOL. James Finnegan's deposition is necessary for discovery of Bascom's good faith basis for this lawsuit (and relevant to AOL's 35 U.S.C. § 285 claim).

- On July 29, AOL notified Bascom's counsel that James Finnegan had failed to produce documents by the deadline in the subpoena, and requested a meet and confer. (Ex. 5.)
- During the meet and confer, Bascom's counsel stated that James Finnegan's documents would be produced by August 12. (Ex. 6.)
- Bascom's counsel did not produce documents on August 12.
- AOL raised this dispute in an August 18 letter to the Court as part of its motion to compel corporate representatives (Ex. 8). On August 24, counsel for AOL and Bascom had a teleconference. Bascom's counsel stated during that teleconference that James Finnegan's documents by "mid-week," (i.e., August 26) (Ex.7).
- Bascom's counsel failed to produce these documents by August 26.
- On August 31, AOL sent another letter to this Court specifically outlining various discovery disputes, including James Finnegan. (Ex. 9.) This Court issued an Order on September 3, 2009, relating to non-party depositions and document production. The Order "denied as moot" AOL's motion to compel "subject to renewal should the production of documents and taking of depositions not be completed by September 30, 2009." (Ex. 1.)
- Bascom's counsel failed to comply with the September 3 Order and produced documents relating to James Finnegan after the close of discovery.[3]

Well over two months ago, AOL requested James Finnegan's deposition. AOL asks this Court to compel that deposition, now that Bascom has continually refused to provide him and the discovery deadline has passed.

---

[2] The Exhibits referenced herein are attached to this letter.

[3] Bascom's counsel produced some Finnegan documents on September 14, 2009, with an e-mail stating "[w]e anticipate providing additional documents by the end of this week." (Ex.11.) AOL did not received additional James Finnegan documents until October 5, 2009. Bascom's counsel confirmed that Mr. Finnegan's document production was complete on October 5, 2009, after the discovery deadline. (Ex. 12.)


Moritt Hock Hamroff & Horowitz LLP
ATTORNEYS AT LAW

**GAGE** - AOL also issued a subpoena of GAGE on July 17, 2009, for a deposition on August 10, 2009. (Ex. 3.) GAGE is a business consulting firm that Bascom hired to sell its patent or license the patent to third parties. Bascom alleges that AOL's alleged infringement is worth over $66 million in damages owed to Bascom. The information GAGE possesses—Bascom's previous valuations and attempts to license its patent—is information uniquely within GAGE's possession and critical to the damages issue. Bascom's counsel has refused to provide GAGE for deposition, despite its production of relevant GAGE documents on July 20, 2009. Bascom's counsel represents GAGE. Given Bascom counsel's failure to provide GAGE for deposition, AOL asks this Court to compel this deposition.

As discussed above, AOL previously outlined discovery disputes over non-party depositions, including GAGE, in prior letters to the Court. (Exs. 8, 9.) AOL made an additional request on September 30, 2009. (Ex. 13.) The parties met and conferred on this issue by telephone conference on October 13, 2009, and AOL also attempted to resolve this matter in other discussions with Bascom's counsel. (*See* Ex. 14.)

### II. The Deposition of John Ryan and Documents Related to His Use of AOL Parental Controls

Bascom's counsel also represents John Ryan, one of Bascom's main investors. AOL has fought for access to Mr. Ryan and his documents for months. This Court compelled his deposition in September. Bascom's counsel then agreed to schedule his deposition. Then, Mr. Ryan's documents were produced via e-mail at 6:30 pm on September 28, 2009—the night before Mr. Ryan's scheduled deposition.[4] AOL hereby moves for leave to continue Mr. Ryan's deposition because AOL did not have adequate time to review his documents and prepare for Mr. Ryan's deposition.

Additionally, during Mr. Ryan's deposition, he stated that he has used the accused AOL product Parental Controls for many years. After Mr. Ryan's deposition, AOL requested documents or information relating to John Ryan's use of Parental Controls, noting they fell within subpoena topics 5 and 6. (Ex. 15.) Bascom's counsel took this request under advisement and stated that it would investigate it. Now counsel has refused to produce these documents, arguing they are irrelevant. This information, uniquely within Mr. Ryan's possession, pertains to AOL's laches defense, as well as other critical defenses. AOL therefore requests that this Court compel Mr. Ryan to produce all documents related to his use of AOL's accused product and the continuance of Mr. Ryan's deposition.

---

[4] Based on Bascom's counsel's representations during his deposition, these documents were apparently previously held back on grounds of privilege. Yet AOL never received any privilege log from John Ryan, despite numerous requests. Now Bascom's counsel states that Mr. Ryan does not have any privileged documents and a privilege log is not necessary.



**Moritt Hock Hamroff & Horowitz** LLP
ATTORNEYS AT LAW

### III. Bascom Must Produce Improperly Withheld Documents or Revise its Privilege Log

Bascom is suing AOL over a ten-year-old patent and for technology that Bascom knew AOL possessed prior to the issuance of this patent. At the same time, Bascom is withholding at least 11 documents on the basis of privilege relating to "infringement issues with the '606 patent" that date back as far as 2000—nine years before it sued AOL. (Ex. 16 at 20-27.) Additionally, Bascom's production indicates that it was investigating AOL's products as early as 2000. (Ex. 10.) Yet despite AOL's request for this minor revision to a targeted set of log entries, Bascom refuses to revise those few log entries to indicate when the potential infringement relates to AOL. (Exs. 14, 17.)

AOL requests this revision of 11 log entries because these entries directly relate to AOL's laches defense. A laches defense exists to prevent a patentee from delaying <u>years</u> in filing suit. It is designed to protect accused infringers from prejudice due to the patentee's delay in providing notice of its infringement allegations. Bascom cannot withhold these early documents "infringement issues" documents on the basis of privilege without sufficiently describing the nature of the privilege claim and its relevance, if any, to AOL.

Respectfully yours,

Michael Cardello III

MCIII: dlp

cc:  Matthew M. D'Amore, Esq. (via fax w/o Exhs.)
     Pankaj Soni, Esq. (via fax w/o Exhs.)
     Eric Maurer, Esq. (via fax w/o Exhs.)
     David S. Stone, Esq. (via fax w/o Exhs.)
     Jason Spiro, Esq. (via fax w/o Exhs.)