UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BASCOM GLOBAL INTERNET SERVICES, INC.,

                      Plaintiff,                      **ORDER**
                                                                             CV 08-1765 (LDW)(ARL)

      -against-

AOL LLC, et al,

                      Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is defendant Time Warner, Inc.'s ("Time Warner") motion to compel plaintiff to produce its settlement agreement with co-defendant Yahoo! Inc. ("Yahoo") on the ground that the agreement is relevant to determining what constitutes a reasonable royalty rate. Plaintiff opposes the motion contending that the settlement agreement is irrelevant, and in any event, settlement licenses and documents are not reasonably calculated to lead to the discovery of admissible evidence. Although Time Warner acknowledges that the undersigned previously denied co-defendant AOL's motion to compel the production of this settlement agreement on November 23, 2009, on the ground that the settlement agreement was not relevant to calculating damages in this matter, Time Warner asserts that a recent Federal Circuit decision, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010), dictates a different result. Time Warner's reliance on this decision is misplaced.

      Settlement agreements reached to resolve litigation or threatened litigation are generally not relevant to the issue of what may constitute a reasonable royalty. *Cornely v. Marckwald*, 131 U.S. 159, 161, 9 S. Ct. 744 (1889) (finding patentee's evidence that nine other suits had been settled for a royalty of $50 per infringing machine was not competent evidence to prove an established royalty rate, and explaining that "the payment of a sum in settlement of a claim for an alleged infringement of a patent 'cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement'" ) (quoting *Rude v. Westcott*, 130 U.S. 152, 164, 9 S. Ct. 463, 468 (1889)); *General Elec. Co. v. DR Sys., Inc.,* No. CV 06-5581 (LDW)(ARL), 2007 WL 1791677, at *2 (E.D.N.Y. June 20, 2007) (same); *see Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983) ("[S]ince the [settlement] offers were made after the infringement had begun and litigation was threatened or probable, their terms should not be considered evidence of an 'established royalty' since [l]icense fees negotiated in the face of high litigation costs 'may be strongly influenced by a desire to avoid full litigation . . . .'"); *see also Mickowski v. Visi-Trak Corp.*, 36 F. Supp.2d 171, 181 (S.D.N.Y. 1999), *aff'd*, 230 F.3d 1379 (Fed. Cir. 2000) ("[A] license entered into in settlement of litigation may not accurately reflect the royalty that the parties would have negotiated prior to commencement of litigation."); *but see Small v. Nobel Biocare USA, LLC,* No. 06 Civ. 0683 (RJH)(JLC), 2011 WL 3055357, at *6 (S.D.N.Y. July 19, 2011) (observing that the Federal Circuit in *ResQNet.com, Inc.* cautioned that litigation-based settlements may be of minimal relevance in light of the possibility that litigation

can skew the results of a hypothetical negotiation"). As the Supreme Court articulated:

> It is clear that a payment of any sum in settlement of a claim for an alleged infringement cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owners of the patent in other cases of infringement. Many considerations other than the value of the improvements patented may induce the payment in such cases. The avoidance of the risk and expense of litigation will always be a potential motive for settlement.

*Rude*, 130 U.S. at 164; *see also Cornell Univ. v. Hewlett-Packard Co.*, No. 5:01-cv-1974, slip op. at 4 (N.D.N.Y. May 14, 2008) (finding an agreement "that arises under the threat of litigation . . . has little relevance to the hypothetical reasonable royalty situation"); *Uniloc USA Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 159 (D. R.I. 2009) (holding settlement agreements generally not relevant "because in the usual course they do not provide an accurate reflection of what a willing licensor would do in an arm's length transaction") (internal quotation marks and citation omitted).

      Moreover, contrary to Time Warner's assertion, the recent Federal Circuit decision does not alter the relevancy of agreements entered into under the threat of litigation. Unlike the settlement agreement at issue in the instant matter, in *ResQNet.com, Inc.,* the litigation-related license agreements were voluntarily produced, were part of the record and their admissibility was not before the court. 594 F.3d at 872. The Federal Circuit observed that:

> the most reliable license in this record arose out of litigation. On other occasions, this court has acknowledged that the hypothetical reasonable royalty calculation occurs before litigation and that litigation itself can skew the results of the hypothetical negotiation. Similarly this court has long recognized that a reasonable royalty can be different than a given royalty when, for example, widespread infringement artificially depressed past licenses. And a reasonable royalty may permissibly reflect the fact that an infringer had to be ordered by a court to pay damages, rather than agreeing to a reasonable royalty.

*Id.* The Circuit concluded that the district court erred by upwardly adjusting the reasonable royalty rate based on licenses that had no relation to the subject patent. *Id.* at 870-72. In vacating the damages award and remanding the case to the district court for recalculation of a reasonable royalty, the Circuit instructed the district court to "consider the panoply of events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators" and directed the court not to "rely on unrelated licenses to increase the reasonable royalty rate above rates more clearly linked to the economic demand for the claimed technology." *Id.* at 872-73 (internal quotation marks and citation omitted). Thus, *ResQNet.com, Inc.* is distinguishable from the instant matter and does not compel the production of the settlement agreement between plaintiff and defendant Yahoo (as well as evidence and testimony relating to the negotiation of this document) in their prior litigation.

      Finally, "[d]istrict courts routinely exclude settlement licenses because the potential

prejudice and jury confusion substantially outweigh whatever probative value they may have."[1] *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, Civil Action No. 6:08-CV-273, 2010 WL 1727916, at *2 (E.D. Tex. Apr. 28, 2010) (collecting cases). Where as here, the settlement agreement involves different software than the AOL/Time Warner software and the agreement is over six years after AOL and Time Warner's infringing conduct allegedly began in this case, its possible reliability and relevancy to the question of what constitutes a reasonable royalty for the patent at issue is remote at best. Accordingly, the court declines to order disclosure of the settlement agreement.

Dated: Central Islip, New York
       September 8, 2011

SO ORDERED:

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[1] However, a settlement agreement may be probative and properly admitted if it was entered into after the threat of litigation is removed. *See Snellman v. Ricoh Co.*, 862 F.2d 283 (Fed. Cir. 1989) (permitting consideration of a license agreement that "would become effective only if the appellate litigation ultimately resulted in [defendant's] liability").