IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BASCOM GLOBAL INTERNET SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:08-cv-1765-LDW-ARL |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AOL INC. | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION UNDER RULE 50(A)

Defendant AOL Inc. ("AOL") respectfully submits its motions for judgment as a matter of law under Fed. R. Civ. P. 50(a). At the close of Plaintiff Bascom Global Internet Services, Inc.'s ("Bascom") case-in-chief, AOL moved under Rule 50(a) for judgment on all issues for which Bascom has the burden of proof. (*See* October 27, 2011 Trial Tr. at 632.) AOL recognizes that the Court has already ruled on these motions. (*Id.*) Accordingly, AOL submits this paper merely to complete the record by confirming its oral motions. Should it become necessary, AOL intends to renew its motions pursuant to Rule 50(b).

**I.   INFRINGEMENT**

   **A.   Direct Infringement**

Bascom has the burden of establishing by the preponderance of the evidence that AOL infringes at least one claim of U.S. Patent No. 5,987,606 ("the '606 patent"), either literally or under the doctrine of equivalents. *Siemens Med. Solutions USA*, *Inc. v. Saint-Gobain Ceramics & Plastics*, *Inc.*, 637 F.3d 1269, 1279 (Fed. Cir. 2011). "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Amgen Inc. v. F. Hoffmann-La Roche Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009). With respect to the doctrine of

equivalents, the "essential inquiry" is whether "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention." *Siemens Med. Solutions*, 637 F.3d at 1279. In considering an allegedly equivalent feature, one must consider whether "an element of an accused product 'performs substantially the same function in substantially the same way to obtain the same result' as an element of the patented invention." *Id.* General or conclusory evidence of insubstantial differences or function-way-result are insufficient. *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1382-83 (Fed. Cir. 2007). Instead, Bascom must present evidence "on a limitation-by-limitation basis" with "particularized testimony and linking argument" to show infringement under the doctrine of equivalents. *Amgen*, 580 F.3d at 1382.

Bascom has failed to present evidence that AOL literally infringes the '606 patent. By way of example, and without limitation, Bascom's expert admitted that AOL does not make, sell, or offer for sale local client computers. (*See* October 25, 2011 Trial Tr. at 416:3-12; 417:9-13.) The claim element "local client computer," and the claim element "remote client computer" (which have substantially the same constructions) are part of every asserted claim of the '606 patent (claims 10-12, 15-16, and 22-23).

Bascom has also failed to present evidence that AOL infringes the '606 patent under the doctrine of equivalents. The evidence adduced does not show, on a limitation-by-limitation basis, the equivalence between the language of the asserted claims of the '606 patent and any feature of AOL's accused Parental Controls WebUnlock technology. Bascom has presented, at most, bare conclusions of equivalence and "function-way-result," which are generic rather than particularized. (*See*, *e.g.*, October 25, 2011 Trial Tr. at 369-70, 382-84.)

Therefore, there is an insufficient evidentiary basis upon which a reasonable jury could find for Bascom on the issues of literal infringement and infringement under the doctrine of equivalents. Accordingly, AOL's request for judgment of a matter of law under Rule 50(a) includes, but is not limited to, these issues.

### B. Indirect Infringement

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Bascom has the burden of showing "that [AOL's] actions induced infringing acts and that [AOL] knew or should have known [its] actions would induce actual infringements." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. __, __, 131 S. Ct. 2060, 2068 (2011) ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"). Bascom must prove that "once [AOL] knew of the ['606] patent, they 'actively and knowingly aided and abetted another's direct infringement.'" *Id.* Knowledge of "acts alleged to constitute infringement" is insufficient; Bascom must show AOL's "specific intent and action to induce infringement." *Id.*

Under 35 U.S.C. § 271(c) "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." As the Federal Circuit has explained, "one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a

3

staple article of commerce suitable for substantial noninfringing use." *Ricoh Co.*, *Ltd*. *v*. *Quanta Computer Inc*., 550 F.3d 1325, 1337 (Fed. Cir. 2008).

Bascom has not shown that users of Parental Controls WebUnlock are direct infringers; indeed, Bascom's expert made no such statement. Bascom has not shown that AOL took any actions intending to cause direct infringement by users of Parental Controls WebUnlock. Further, Bascom has not shown that AOL had a "specific intent and action to induce infringement"; at most, Bascom has merely shown that AOL knew of the patent and the actions that allegedly infringe, which is insufficient as a matter of law. In addition, Bascom has not shown that the accused Parental Controls WebUnlock technology has no substantial noninfringing use, or that Parental Controls WebUnlock constitutes a material part of Bascom's alleged invention.

Therefore, because there is an insufficient evidentiary basis upon which a reasonable jury could find for Bascom on the issues of induced infringement and contributory infringement, AOL's request for judgment of a matter of law under Rule 50(a) includes, but is not limited to, these issues.

**C.     Willful Infringement**

In order to prevail on its theory of willful infringement, Bascom must present clear and convincing evidence that AOL acted recklessly, and actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. *In re Seagate Tech*., *LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Bascom must also show that AOL knew of the '606 patent. *Id*.

Bascom has not presented any evidence of AOL's recklessness in allegedly infringing the '606 patent. In fact, Bascom's expert admitted that AOL's accused Parental Controls WebUnlock technology does not include all of the features of the asserted claims. (*See* October

4

25, 2011 Trial Tr. at 416:3-12; 417:9-13.)  Further, there is no evidence that AOL knew or should have known that its actions constituted an unjustifiably high risk of infringement.

Given the lack of an evidentiary basis upon which a reasonable jury could find for Bascom on the issue of willful infringement, AOL's request for judgment of a matter of law under Rule 50(a) includes, but is not limited to, this issue.

## II. DAMAGES

### A. Damages Generally

Bascom has the burden to establish the amount of its damages by a preponderance of the evidence.  *Smithkline Diagnostics v. Helena Labs*., 926 F.2d 1161, 1164 (Fed. Cir. 1991).  There is not substantial evidence to support the damages requested by Bascom.  Specifically, and without limitation, there is not substantial evidence to establish that the accused Parental Controls WebUnlock was the basis for customer demand of AOL's subscription service.  There is no evidence that any customer purchased an AOL subscription service because of the Parental Controls WebUnlock feature.  There is no evidence of an apportionment or the contribution that Parental Controls WebUnlock made to the revenues for AOL's subscription service.  Nor is there substantial evidence to support the royalty base proffered by Bascom, the royalty rate proffered by Bascom, or the royalty structure proffered by Bascom.

Accordingly, there is an insufficient evidentiary basis upon which a reasonable jury could find for Bascom on the issue of damages generally.  AOL's request for judgment of a matter of law under Rule 50(a) includes, but is not limited to, these issues.

### B. **Damages In Excess of $1.5M**

There is not substantial evidence to support any damages award greater than the damages as offered in AOL's case-in-chief ($1.5M).  The evidence offered is insufficient as a matter of

5

law to support any damages award. Any damages award greater than the damages amount that is offered in AOL's case in chief would be excessive.

Given the lack of a sufficient evidentiary basis upon which a reasonable jury could find for Bascom on the issue of damages above $1.5M, AOL's request for judgment of a matter of law under Rule 50(a) includes, but is not limited to, this issue.

### III. CONCLUSION

AOL recognizes that the Court has already ruled on its Rule 50(a) motions and submits this paper merely to complete the record and to confirm that AOL has moved under Rule 50(a) on all matters for which Bascom bears the burden of proof, including but not limited to the issues expressly identified herein.

Dated: November 1, 2011                    Respectfully submitted,


                                           _____/S/_____

                                           Michael Cardello III (MC-5839)
                                           MORITT HOCK & HAMROFF LLP
                                           400 Garden City Plaza
                                           Garden City, NY 11530
                                           Phone: (516) 873-2000
                                           Fax: (516) 873-2010

                                           Robert L. Burns
                                           Joseph Palys
                                           Elliot Cook
                                           FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, LLP
                                           Two Freedom Square
                                           11955 Freedom Dr.
                                           Reston, VA 20190
                                           Phone: (571) 203-2700
                                           Fax: (202) 408-4400

                                           Gerald F. Ivey
                                           John Williamson
                                           FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, LLP
                                           901 New York Ave., NW
                                           Washington, DC 20001
                                           Phone: (202) 408-4000
                                           Fax: (202) 408-4400

                                           **ATTORNEYS FOR DEFENDANT
                                           AOL INC.**